**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Nikita Chestnut, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No.: 1:17-CV-619** |
| | ) | |
| Med-1 Solutions, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AND VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional."  Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability.  Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

5. Additionally, this action for damages results from the illegal conduct of Med-1 Solutions in calling Mr. Chrisp's cell phone despite being notified that he had revoked his consent to be called on his cell phone which violates the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227 *et seq*.

6. The TCPA was enacted to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and

automatic dialers." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009). "Consumer complaints about abuses of telephone technology prompted Congress to pass the Telephone Consumer Protection Act of 1991. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740 (2012)(internal citations omitted). In an effort to enforce this fundamental federal right to privacy, Plaintiff files this case alleging, among other things, violations of the TCPA.

## Jurisdiction

7. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and under §1337, 47 U.S.C. §227 (TCPA).

## Venue

8. Venue is proper in this Judicial District.

9. The acts and transactions alleged herein occurred in this Judicial District.

10. The Plaintiff resides in this Judicial District.

11. The Defendant transacts business in this Judicial District.

## Parties

12. The Plaintiff, Nikita Chestnut, is a natural person.

13. The Plaintiff, Nikita Chestnut, is a "person" as defined by 47 U.S.C. §153(10).

14. The Plaintiff is a "consumer" as that term is defined by § 1692a.

15. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

16. The Defendant, Med-1 Solutions, LLC, (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 517 US Highway 31 North, Greenwood, IN 46142.

17. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

18. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. Defendant is a "person" as defined by 47 U.S.C.§153(10).

20. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**Factual Allegations**

21. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

22. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

23. The debt owed by Plaintiff went into default.

24. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

25. The Plaintiff disputes the debt.

26. The Plaintiff requests that the Defendant cease all further communication on the debt.

27. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

28. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

29. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

30. Prior to August 4, 2016, the Defendant had reported to TransUnion credit reporting agency that the Plaintiff owed a debt to it and/or its client.

31. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies. *See* Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

32. On August 4, 2016, the Plaintiff's legal counsel sent a letter to the Defendant via facsimile. This letter indicated that Ms. Chestnut disputed the debt that Defendant is attempting to collect. Additionally, this letter indicated that the Ms. Chestnut had retained legal counsel regarding the debt that the Defendant is attempting to collect. This letter also indicated that Ms. Chestnut revoked her consent for Defendant to call her on her cell phone. This facsimile transmission to the Defendant was successfully received by the Defendant. *See Exhibit "2" attached hereto.*

33. Defendant continued to contact Ms. Chestnut on her cell phone using an automated telephone dialing system after receiving notice of legal representation on August 4, 2016.

34. Communications sent via facsimile are assumed to have been received by the intended recipient if the facsimile confirmation indicates a successful transmission.  *See* Laouini v. CLM Freight Lines, Inc., 586 F.3d 473 (7th Cir., 2009)(holding that facsimile confirmation generated by the…fax machine was sufficient to create a factual dispute that …was received…);  Bridgeview Health Care Center Ltd. v. Clark, 2011 WL 4585028, 3 (N.D.Ill 2011)("Indeed, in the facsimile transmission context, it is commonly understood that 'success' means that 'the two fax machines have performed an electronic "handshake" and that the data has been transmitted from one machine to the other.'").

35. On or about January 31, 2017, Plaintiff obtained and reviewed a copy of her TransUnion credit report.  *See Exhibit "3" attached hereto*.

36. On or about January 31, 2017, the Defendant was continuing to report the Plaintiff's debt to TransUnion without indicating that the debt was disputed.  *See Exhibit "3" attached hereto.*

37. The TransUnion credit report dated January 31, 2017, indicates that it was last reported, or updated, on January 27, 2017.  *See Exhibit "3" attached hereto*.

38. The TransUnion credit report dated January 31, 2017, fails to indicate that the debt was disputed by the consumer.  *See Exhibit "3" attached hereto*.

39. Defendant's violation of the FDCPA was material because, although Plaintiff had been informed by counsel and reasonably believed that she had the protection against being contacted directly by debt collectors, Defendant's continued collection communication would make the unsophisticated consumer believe that her notice of legal representation had been futile and that she did not have the rights Congress had granted her under the FDCPA.

40. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**First Claim for Relief:
Violation of the FDCPA**

1. The allegations of Paragraphs 1 through 40 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated 15 U.S.C. § 1692e by representing to the Plaintiff that it was able to continue to contact him directly in attempts to collect a debt, despite being prohibited from doing so by the FDCPA.

3. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to contact a represented consumer when it had notice of legal representation.

4. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to contact directly a consumer it knew to have legal representation.

5. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692c.

6. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

7. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

8. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

9. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Second Claim for Relief:**
**Violation of the TCPA**

1. The allegations of paragraphs 1 through 40 of Complaint are realleged and incorporated herein by reference.

2. The Defendant violated the TCPA, 47 U.S.C. §227(b)(1)(A) by contacting the Plaintiff despite being notified that Plaintiff had revoked her consent to be called on her cell phone.

3. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff for statutory damages and such relief as the Court deems just and proper.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Statutory damages under 15 U.S.C. § 227(b)(1).

5. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

6.   Such other and further relief as the Court deems just and proper.


Respectfully submitted,

<u>/s/ John T. Steinkamp</u>
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com