**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| NIKITA CHESTNUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-00619-TWP-DML |
| | ) | |
| MED-1 SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PENDING MOTIONS**
**REGARDING ATTORNEY'S FEES AND COSTS**

This matter is before the Court on Plaintiff Nikita Chestnut's ("Chestnut") Motion for Assessment of Attorney's Fees and Costs (Filing No. 13), and two Supplemental Motions for Attorney's Fees (Filing No. 16; Filing No. 19). Also before the Court is Defendant Med-1 Solutions, LLC ("Med-1") Motion to Deny Plaintiff's Motion for Attorney's Fees. (Filing No. 18.) Chestnut filed this Fair Debt Collection Practices action against Med-1 alleging abusive debt collection practices. Within a month after the Complaint was filed, the parties negotiated an Offer of Judgment (Filing No. 8), but the issue of attorney's fees and costs remained unsettled. On May 19, 2017, Med-1 filed a Response in Opposition to Plaintiff's Attorney's Fees alleging that Chestnut is not entitled to attorney's fees incurred after the Offer of Judgment. (Filing No. 17.) For the reasons stated below, the Court finds Med-1's objection is overruled and Chestnut's Motion with the modifications set forth in this Entry is **granted**.

### I. LEGAL STANDARD

The Fair Debt Collection Practices Act ("FDCPA") provides for costs and a "reasonable attorney's fee" to a prevailing party. "Unlike most private tort litigants, [a plaintiff who brings an FDCPA action] seeks to vindicate important * * * rights that cannot be valued solely in monetary

terms, and congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Tolentino v. Friedman,* 46 F.3d 645, 652 (7th Cir. 1995) (citation and quotation omitted). "The general rule for calculating attorney's fee awards under fee shifting statutes is applicable to attorney's fees awards under the FDCPA." *Young v. Accounts Recovery Bureau, Inc.*, No. 1:11-cv-0025-WTL-DKL, 2012 WL 3764014, at *1 (S.D. Ind. Aug. 8, 2012) (citing *Gastineau v. Wright*, 592 F.3d 747, 748–49 (7th Cir. 2010)). The lodestar method is generally accepted as producing a reasonable fee. *Gastineau*, 592 F.3d at 748. But the court "has the flexibility to adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Id.* (internal quotation marks omitted).

## II. <u>DISCUSSION</u>

As an initial matter, the Court notes that this case is the companion case to *Washington v. Med-1 Solutions, LLC,* 1:17-cv-00534-TWP-DKL. The itemization regarding the fee dispute is identical; however, some of the attorney's fees before the fee dispute are slightly different due to client communications with each plaintiff. The facts and applicable law in both matters are so similar that this Court adopts, for the most part, the language, reasoning, and analysis of its decision in *Washington*.

In this case, Chestnut seeks an award of $5,432.50 in attorney's fees and $505.00 as costs and litigation expenses. Med-1 does not contest the $505.00 in costs, and the Court **grants** this amount. However, Med-1 contends that $5,432.50 in attorney's fees is unreasonable and that Chestnut is not entitled to attorney's fees incurred after the Offer of Judgment on March 13, 2017.[1] At the outset, the Court notes Med-1's Response was untimely. Med-1 filed its Response in

---

[1] The Offer of Judgment was accepted and filed with the Court on March 15, 2017.

2

Opposition ten days after Chestnut filed her Supplemental Motion for Attorney Fees which stated that Med-1's failure to respond was a waiver of any objection. (Filing No. 16 at 2.) Med-1 asserts that it did not waive any objection to the motion for fees, because it is not required to file a response to this type of motion. (Filing No. 18 at 4.) Med 1-is correct that a response was not required, however, the local rules of this court require that if a party elects to respond to a motion (other than a motion for summary judgment) the response is due within 14 days after the motion is received. *See* Local Rule 7-1(2)(A). Accordingly, Med-1's Response was ultimately filed four weeks after it was due. While the Court may summarily rule on a motion if an opposing party does not file a response within the deadline, the Court will nevertheless analyze the reasonableness of Chestnut's attorney's fees.

A.  **Attorney's Fees Incurred after Offer of Judgment**

Chestnut accepted Med-1's Offer of Judgment on March 14, 2017, and it was filed with the Court the following day. (Filing No. 7.) The terms of the offer of judgment included:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant, Med-1 Solutions, LLC hereby offers to allow Judgment to be entered against it in this action in the amount of $1,000.00 statutory damages and reasonable attorney's fees and court costs. This offer of judgment is made for the purposes specified in Federal Rule of Civil Procedure 68, and is not to be construed as either an admission that Defendant, Med-1 Solutions, is liable in this action, or that the Plaintiff, Nikita Chestnut, has suffered any damage.

(Filing No. 6-1.) Thus, by the explicit terms of the Offer of Judgment, attorney's fees and court costs incurred up to March 14, 2018 were covered under the agreement. Thereafter, Chestnut's counsel and Med-1's counsel traded emails for several days regarding the attorney's fee portion of the settlement, including Chestnut's itemization, but ultimately a fee dispute ensued on March 20, 2017 when Med-1 rejected Chestnut's proposal for any attorney's fees after March 14, 2017.

([Filing No. 13-4 at 13](#).) The Court must determine if attorney's fees accruing after Chestnut accepted the Rule 68 Offer of Judgment concerning the fee dispute are recoverable.

As noted previously, Med-1's Response, which raises the argument that fees after March 14, 2017 are not recoverable, was filed four weeks after the deadline had passed. Chestnut asks the Court to ignore the untimely filing and rule summarily. Even considering Med-1's objection, the Court finds Chestnut is entitled to attorney's fees. "[I]f an offer is ambiguous, any ambiguities are to be construed against the drafter." *Aynes v. Space Guard Prod., Inc.,* 201 F.R.D. 445, 448 (S.D. Ind. 2001) (citing *Webb v. James,* 147 F.3d 617, 623 (7th Cir. 1998). The *Aynes* court found that Rule 68 permits post-judgment recovery of costs when it considered a similar fee dispute for claims arising under Title VII and the ADA. *Id.* While the offer in this case unambiguously covers reasonable attorneys' fees and court costs, the offer is ambiguous as to the issue currently before this Court—whether attorneys' fees regarding the fee dispute, which occurred post-judgment offer, were covered under the offer. "Thus, it is clear that Plaintiff's acceptance of Defendant's offer is not controlling unless the offer is unambiguous; only then would Plaintiff's acceptance preclude post-judgment recovery of costs and attorney's fees." *Id.* at 448. Chestnut did more than what was required to resolve this dispute before engaging in further litigation regarding the fee dispute. Chestnut's counsel sent Med-1's counsel case law that supported his contention that his attorney's fees should be awarded for time spent on the case after acceptance of the Offer of Judgment. He also indicated that if the parties could not resolve the fee dispute he would have to file a fee petition with the Court. ([Filing No. 13-4 at 1](#).) Chestnut also offered to lower the settlement amount proposal by $200.00 in an effort to resolve without further litigation. Because Med-1's post-judgment offer was silent and ambiguous as to any temporal limitation on attorney's fees and court costs, Chestnut is not precluded from post-judgment recovery regarding the ensuing fee dispute.

4

In fact, filing a petition with the Court, which in turn produced more fees, was the only way for Chestnut to attempt to receive the fees due.

**B.     Reasonable Hourly Rate**

"A reasonable hourly rate for an attorney is that rate the attorney actually charges and receives in the marketplace from paying clients." *Luttrell v. Accounts Recovery Bureau, Inc*., No. 1:11-CV-0877-JMS-DML, 2012 WL 566396, at *2 (S.D. Ind. Jan. 23, 2012), report and recommendation adopted, No. 1:11-CV-00877-JMS, 2012 WL 566628 (S.D. Ind. Feb. 17, 2012). Chestnut's counsel, John Steinkamp's rate is $300.00 per hour. Decided six years ago, the *Luttrell* court found that John Steinkamp's hourly rate, then $250.00, was reasonable. *Id*. It is reasonable that Chestnut's counsel's rate for FDCPA litigation could have increased to $300.00 per hour, given inflation, his increased experience, and success and reputation in litigating these types of cases. In any event, Med-1 does not dispute the hourly rate charged by Chestnut's counsel. "Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the [*653] congressional policy of redressing public interest claims will be vindicated." *Tolentino v. Friedman*, 46 F.3d 645, 652–53 (7th Cir. 1995) (citation omitted).

**C.     Reasonable Hours Expended**

"A lawyer seeking to recover his fees is expected to use billing judgment; that is, he should not seek compensation for hours that he would not reasonably have billed to a paying client." *Id.* Having determined that fees for hours spent post-March 14, 2017 are recoverable so long as the fees are reasonable, the Court now turns to the hours expended on the fee dispute. In the alternative, Med-1 objects to specific line items on Chestnut's counsel's itemization. (*See* Filing

No. 18 at 4-5.) Many of the objections concern Med-1's contention that Chestnut's counsel unnecessarily litigated this case including the filing of supplemental motions. The Court agrees that the case was unnecessarily litigated, but not because of Chestnut's counsel. The Court finds that the supplemental motions were necessary to apprise the Court of Med-1's failure to respond and to keep the Court updated of additional time Chestnut's counsel spent in drafting his initial motion and his reply. The Court also finds that counsel acted in good faith and his fee negotiations were not unnecessarily protracted.

The total number of hours spent on the case, including litigating the fee dispute, was 23.30 hours, which is reasonable. As it did in *Washington*, the Court disallows additional client status updates for the fee litigation portion of this action. John Steinkamp's rate is $300.00 per hour. The amount of disallowed client status updates in this case is $330.00. (Filing No. 19-2.) The one status update on April 7, 2017, with his client regarding the offer of judgment/status of the case is reasonable and sufficient. Additionally, the Court finds $750.00 of email exchanges between Chestnut's attorney and Med-1's counsel should have been divided between both cases as the email subject line includes Chestnut and Washington. *Id*. Thus, $1,080.00 in attorney's fees is disallowed as unreasonable.

### III. CONCLUSION

To avoid unintended consequences, a defending party must be clear and specific regarding attorney fees and costs if they are included within the scope of its Rule 68 offer. For the reasons stated above, Chestnut's Motion for Assessment of Attorney's Fees and Costs (Filing No. 13) is **GRANTED** in the following modified amount: $505.00 in costs and $4,352.50 in fees, for a total of $4,857.50 in attorneys' fees and costs. Chestnut's counsel has submitted an up-to-date itemization which includes his Supplemental Motions for Attorney's Fees and Reply. Chestnut's

Supplemental Motions for Attorney's Fees and Costs (Filing No. 16; Filing No. 19) and Med-1's Motion to Deny Plaintiff's Motion for Attorney's Fees (Filing No. 17), are all **DENIED** as improperly filed.

    **SO ORDERED.**

Date: 3/21/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Richard Ross Huston
MED-1 SOLUTIONS
rich.huston@med1solutions.com