UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENICE GOLSON-DUNLAP as Trustee of the Bankruptcy Estate of Nikita Chestnut, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:17-cv-00619-TWP-DML ) |
| MED-1 SOLUTIONS, LLC, | ) ) |
| Defendant. | ) |

**ENTRY ON PENDING MOTIONS FOR ADDITIONAL ATTORNEY'S FEES**

This matter is before the Court on a Motion for Additional Attorney's Fees (Filing No. 24) and Motion to Include Attorney's Fees in the Judgment (Filing No. 25) filed by Plaintiff Jenice Golson-Dunlap, Trustee of the Bankruptcy Estate of Nikita Chestnut[1] (the "Trustee"). For the reasons stated below, the Trustee's Motions with modifications set forth in this Entry are **granted.**

### I. BACKGROUND

On February 28, 2017, this lawsuit was under the Fair Debt Collection Practices Act ("FDCPA") against Med-1 Solutions, LLC ("Med-1") alleging abusive debt collection practices. On March 14, 2017, the parties filed Plaintiff's Acceptance of Offer of Judgment (Filing No. 6), but the issue of attorney's fees and costs remained unsettled. On March 21, 2018, this Court awarded Plaintiff attorney's fees and costs in the amount of $4,857.50 (Filing No. 23).

On May 30, 2018, the Trustee's counsel, John Steinkamp ("Steinkamp"), sent an email to Med-1's counsel, Nicholas Moline ("Moline"), asking for status on the check for attorney's fees (Filing No. 24-1). Another email was sent to Moline on June 4, 2018, requesting an update. *Id.*

---

[1] The original plaintiff was Nikita Chestnut, but after she declared bankruptcy, the Court granted her Motion to Substitute Party for the bankruptcy trustee, Jenice Golson-Dunlap. (Filing No. 40.) This Order will refer to the plaintiff exclusively as the Trustee, even when discussing events that occurred before she became the party in interest.

Steinkamp explicitly stated in the email communication that he would request additional attorney's fees if he did not receive payment by June 6, 2018. *Id*. On June 12, 2018, the Trustee filed the instant Motion for an Award of Additional Attorney's Fees (Filing No. 24) and Motion to Include Attorney's Fees in the Judgment (Filing No. 25). Med-1 responded in opposition to both motions on June 26, 2018 (Filing No. 28). As of the filing of the instant motions, Med-1 had not paid the Trustee the attorney's fees and costs previously ordered by this Court.

## II. LEGAL STANDARD

The FDCPA provides for costs and a "reasonable attorney's fee" to a prevailing party. 15 U.S.C. 1692k(a)(3). "Unlike most private tort litigants, [a plaintiff who brings an FDCPA action] seeks to vindicate important rights that cannot be valued solely in monetary terms, and congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995) (citation and quotation omitted). "The general rule for calculating attorney's fee awards under fee shifting statutes is applicable to attorney's fees awards under the FDCPA." *Young v. Accounts Recovery Bureau, Inc.*, No. 1:11-cv-0025-WTL-DKL, 2012 WL 3764014, at *1 (S.D. Ind. Aug. 8, 2012) (citing *Gastineau v. Wright*, 592 F.3d 747, 748–49 (7th Cir. 2010)). The lodestar method, which calculates fees by multiplying a reasonable hourly rate by the number of hours expended, is generally accepted as producing a reasonable fee. *Gastineau*, 592 F.3d at 748. But the court "has the flexibility to adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Id*. (internal quotation marks omitted).

Regarding a motion for attorney's fees, the Federal Rules of Civil Procedure state that "[u]nless a statute or a court order provides otherwise, the motion must be filed no later than 14

days after the entry of judgment. . . [and] state the amount sought or provide a fair estimate of it." Fed. R. Civ. Pro. 54(d)(3)(B)(i)-(iii). Additionally, the Local Rules also require that such a motion to be filed within 14 days after a final judgment is entered but allows an extension for good cause if a motion requesting an extension is filed before the original deadline. S.D. Ind. L.R. 54-1(a).

## III. DISCUSSION

The Motion to Include Attorney's Fees in the Judgment ([Filing No. 25](Filing No. 25)) is unopposed by Med-1 and therefore is **granted**.[2] However, Med-1 objects to the award of additional fees requested in the Motion for an Award of Additional Attorney's Fees ([Filing No. 24](Filing No. 24)); accordingly, the Court's analysis focuses only on that Motion.

### A. Timeliness

Med-1 first argues that the Trustee's Motion for Additional Attorney's Fees is untimely due to the 14-day limitation set forth in Fed. R. Civ. Pro 54(d)(2)(B)(i) and S.D. Ind. L.R. 54-1(a). Med-1 argues the Trustee should have provided a "'fair estimate' of the amount of fees her attorney would expend in litigating and collecting on the judgment." ([Filing No. 28 at 4](Filing No. 28 at 4).) Med-1 relies on two FDCPA cases from the District of Colorado in which the court found the plaintiff's motion for attorney's fees were untimely because they did not meet Rule 54's 14-day deadline. *See King v. Midland Credit Management,* No. 11-cv-2808-CMA-BNB, 2013 WL 2236934 (D. Colo. Sept 23, 2013); *Miracle Gash v. Client Sers., Inc.,* No. 12-cv-01426, 2013 WL 1130717 (D. Colo. Mar. 18. 2013). In *Miracle Gash,* the District of Colorado noted that Federal Rule 54(d)(2)'s fair estimate provision offers a mechanism that allows parties to obtain fees that had not yet been expended at the time of the original motion. *Miracle Gash*, 2013 WL 1130717, at *4.

---

[2] Pursuant to this Court's March 21, 2018 Entry, the Offer of Judgment "unambiguously covers reasonable attorney's fees and court costs." ([Filing No. 23 at 4](Filing No. 23 at 4)).

3

Nevertheless, the court did acknowledge that other "courts have allowed untimely supplemental motions seeking attorney fees in certain circumstances" such as when local rules allow it but concluded that "the circumstances of this case do not lend toward allowing such motion." *Id.*

This case is factually distinguishable from *Midland Credit* and *Miracle Gash*. While the Trustee's motion came 83 days after this Court's Entry on attorney's fees—clearly delinquent in terms of the 14-day deadline—it was Med-1's conduct that necessitated the Trustee's late filings. Steinkamp contacted Moline several times to collect payment for the attorney's fees. He also explicitly warned Moline that he would request additional attorney's fees if payment was not received by a specific deadline. Filing the instant motion, which in turn produced more fees, was the Trustee's attempt to collect the fees and costs already owed to her. The Trustee filed this motion six days after Med-1 failed to provide payment by the specified deadline, showing a good-faith effort to avoid delay. Unlike the plaintiff in *Miracle Gash*, the Trustee could not have proffered a "fair estimate" of additional fees because litigation over the fees issue should have been completed following the March 21, 2018 Entry requiring payment. Steinkamp's emails with Med-1's counsel show that he did not expect additional fees to be incurred after the March 21, 2018 Entry ([Filing No. 24-1](Filing No. 24-1)). Steinkamp's expectation was reasonable and supported by his experience handling a high number of similar FDCPA cases, including cases against Med-1 ([Filing No. 13-2](Filing No. 13-2)).

Additionally, the delay in this case is acceptable under the standard of "excusable neglect" which allows a court to extend time in which a motion may be filed. Fed. R. Civ. Pro. 6(b)(1)(B). The determination of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). The Seventh Circuit Court of Appeals has applied Federal Rule

4

6(b) to Federal Rule 54. *See Crue v. Aiken*, 370 F.3d 668, 680 (7th Cir. 2004). "In determining whether a late filing is the result of excusable neglect, the district court looks to whether there will be prejudice to the opposing party, the effect on the judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Id.* at 680. The district courts in the Northern District of Indiana have approved late filings for attorney's fees when the late-filing party committed excusable neglect. *See Stahl v. East Porter County School Corp.*, 981 F. Supp. 2d 805 (N.D. Ind. 2013) (allowing a late filing for attorney's fees in a § 1988 action because the parties first tried to informally resolve the fee issue); *Ware v. Brown*, 2:15-CV-42-PRC, 2018 WL 739869 (N.D. Ind. Feb. 2. 2018) (allowing a late filing for attorney's fees because the attorney misunderstood the law which created the relevant deadline).

Here, there are several factors considered "excusable" by the Court. First, there is no prejudice to the opposing party because Steinkamp explicitly warned Moline he would file a motion for additional attorney's fees if Med-1 did not comply with the Entry regarding payment. Second, these judicial proceedings are not adversely affected by considering an additional motion. Third, the Trustee's inability to meet the 14-day deadline is because Med-1 was not prompt with payment. The Trustee's need to file a motion was a direct result of Med-1's failure to pay by the Court's deadline. Fourth, the Trustee acted in good faith because her counsel first attempted to collect the previous award of attorney's fees informally before resorting to judicial intervention.

**B.**    **Disputing Plaintiff's Counsel's Charges**

In the alternative, Med-1 asks the Court to deny all additional attorney's fees requested by the Trustee or deny specific line items included in her calculation. Med-1 challenges the requested fees as being unrelated to the FDCPA claim and instead argues they are related to the bankruptcy

claim. In reviewing Steinkamp's hourly rate and hours expended, the Court revisits the analysis from its initial order granting the Trustee's attorney's fees ([Filing No. 23](Filing No. 23)).

Med-1 first challenges the reasonableness of the Trustee's hourly rate. "A reasonable hourly rate for an attorney is that rate the attorney actually charges and receives in the marketplace from paying clients." *Luttrell v. Accounts Recovery Bureau, Inc.*, No. 1:11-CV-0877-JMS-DML, 2012 WL 566396, at *2 (S.D. Ind. Jan. 23, 2012), report and recommendation adopted, No. 1:11-CV-00877-JMS, 2012 WL 566628 (S.D. Ind. Feb. 17, 2012). Decided seven years ago, the *Luttrell* court found that Steinkamp's hourly rate, then $250.00, was reasonable. On March 21, 2018, this Court found that Steinkamp's current hourly rate of $300.00 is reasonable given "given inflation, increased experience, and success and reputation in litigating these types of cases." ([Filing No. 23 at 5](Filing No. 23 at 5).) Additionally, Med-1 does not dispute the hourly rate Steinkamp charged. "Congress provided fee shifting to enhance enforcement of important civil rights, consumer protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated." *Tolentino*, 46 F.3d at 652–53 (7th Cir. 1995) (citation omitted).

"A lawyer seeking to recover his fees is expected to use billing judgment; that is, he should not seek compensation for hours that he would not reasonably have billed to a paying client." *Id*. Having determined that fees for hours spent post-March 21, 2018 are recoverable so long as the fees are reasonable, the Court now turns to the hours expended on the fee collection.

Steinkamp billed a total of 8.7 hours attempting to collect the award from Med-1. In response, Med-1 argues that the 1.7 hours of attorney time attributed to communicating with the bankruptcy trustee and the client in an attempt to be appointed special counsel are unrelated to the FDCPA claim. However, this Court has previously concluded that "contact [with the bankruptcy

6

trustee] to clarify the status of the FDCPA claim is a "precautionary and prudent step to comply with the requirements of the U.S. Bankruptcy Court." *Peavler v. Law Firm of Krisor & Associates*, 49 F. Supp. 3d 535, 542 (S.D. Ind. 2014); *see also Taylor v. Freeland & Kronz*, 503 U.S. 638, 645 (1992) (discussing the penalties of 11 U.S.C. § 727(a)(4)(B), Rule 1008, Rule 9011, and 18 U.S.C. § 152). Accordingly, the Court finds that Steinkamp properly billed these hours to the Trustee, and the Trustee properly seeks reimbursement.

Med-1 also argues that all fees and costs should be denied, and alternatively that some costs after Steinkamp's appointment as special counsel specifically should be denied since they are unrelated to the FDCPA claim. However, at least 6.3 hours out of the total 8.7 hours billed after Steinkamp's appointment encompass attempts at collection of the award in this FDCPA claim ([Filing No. 24-2](Filing No. 24-2)). Steinkamp billed .5 hours for contacting Med-1's counsel informally to obtain payment and then billed 5.8 hours drafting, revising, and filing motions to further encourage prompt payment. *Id.* These hours expended are reasonable. The Court disallows additional client status updates for the fee litigation portion of this action. Steinkamp's billing rate is $300.00 per hour. The amount of disallowed client status updates in this case is $120.00. *Id.*

To recap, the Court disallows .40 hours of a "status update with the client" billed at $300.00 per hour. An attorney's fee award comprised of 8.3 hours, which includes attorney hours billed at $300.00 per hour and paralegal hours at $125.00 per hour, for the collection portion of this case, results in an additional award of $2,888.00.

## IV.    CONCLUSION

For the reasons stated above, the Trustee's Motion for an Award of Additional Attorney's Fees ([Filing No. 24](Filing No. 24)) and Motion to Include Attorney's Fees in the Judgment ([Filing No. 25](Filing No. 25)) are **GRANTED.** An additional $2,888.00 in attorney's fees is awarded to the Trustee. An Amended

Judgment for the sum of $8,734.50 will be docketed in a separate order. The amended judgment of $8,745.50 consists of the March 21, 2018 order of $4,857.50 in attorney's fees and costs, plus $1,000.00 in statutory damages from the Offer of Judgment, and additional fees of $2,888.00.

**SO ORDERED.**

Date: 2/21/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Richard Ross Huston
MED-1 SOLUTIONS
rich.huston@med1solutions.com

Nicholas Moline
MED-1 SOLUTIONS, LLC
nicholas.moline@med1solutions.com